[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: TRUST FUNDS
A decree of dissolution was entered dissolving the marriage of the parties on February 5, 1988. The Separation Agreement, dated January 23, 1988 which was incorporated, and made a part of the dissolution decree, obligated the father, the defendant John Tremaine to assume certain financial responsibilities with regard to the four minor children issue of the marriage.
The defendant's obligation included payment of $36,000 per year for the support of the minor children (Separation Agreement, Article II, Paragraphs 2.5 through 2.8) In addition, the husband's further obligation was to pay, for the benefit of the children, reasonable medical, optical, surgical, hospital, psychiatric expenses and other medical expenses as more fully set forth in Article 14 paragraphs 4.1 through 4.3 of the Separation Agreement.
Sometimes prior to the dissolution of the marriage, (approximately 4 years), the paternal great-grandfather of the parties 4 minor children set up a trust fund for the benefit of the minor children. Under the terms of the trust, the Ameritrust and Investment Management Services of Cleveland, Ohio as trustee in its sole discretion, could distribute to the beneficiary such amounts as necessary to "provide liberally for the health, welfare and education of such beneficiary". . ., "until each attains the age of twenty-one years." The defendant may request from the trustee certain expenses to be paid from the trust for the benefit of the minor children so long as those requests comply with the terms of the trust. The trustee has full and sole discretion as to whether or not the expenses so requested comply with the provisions of the trust and further whether the funds to pay those expenses should be expended from the trust.
The defendant has been requesting, and the trustee has complied, with using money from the trust funds established for the benefit of the minor children, to discharge the defendant's CT Page 1505 financial obligations for the children agreed to under the Separation Agreement, including medical expenses, music lessons, childrens' attorney's fees and unspecified other expenses reimbursed to the defendant.
The threshold question is whether the Separation Agreement prohibits the defendant from requesting the trustee to disburse funds for the benefit of the minor children for purposes of discharging the defendant's support and other obligations under the judgment.
The only reference to the trusts is in Article V paragraph 5.1 and 5.2 of the Separation Agreement. Paragraph 5.1 specifically authorizes the husband to continue to request the trustee of the applicable trust to provide for the private school education of said children.
Nowhere in the Separation Agreement is the defendant prohibited from requesting the trustee to provide other funds for the benefit of the children.
Paragraph 2.5 and following of Article II, dealing with the support of the minor children, makes no reference to the trust agreement. Paragraphs 4.1 and following of Article IV, dealing with medical expenses for the minor children makes no reference to the trust fund and does not specifically prohibit the defendant from requesting the trustee to provide funds for such medical expenses.
The court must next determine whether it is in the best interests of the children, for the defendant husband to request the trustee to disburse funds for medical expenses, attorney's fees, music lessons, and unspecified other expenses to be reimbursed to the defendant. That is, whether the defendant should be in a position to shift his duty of support onto the shoulders of the very children whom he is obligated to support.
The court needs to have the financial affidavit of the plaintiff before making this determination. The court needs to know whether the trustee considered other income of the children, i.e., the court ordered support payments as set forth in the Separation Agreement. The court also needs to know whether the attorney for the minor children, or a guardian of the estates of the minor children is in a position to request the trustee not to make any distribution of trust income, other that for educational purposes.
The court notes that the trust agreement provides for the trustee, ". . . to provide liberally for the health, welfare or education of the beneficiary, based upon such one's needs, CT Page 1506 abilities and requirements and taking into consideration any other source of income such one may have to the knowledge of the trustee."
The court orders that the parties file current and up to date financial affidavits within 3 weeks of date and further that counsel obtain a hearing date to conclude this matter.
It is further ordered that the defendant supply the attorney for the minor children with copies of the quarterly print out of each of the minors' trusts accounts commencing January 1, 1989 to date.
COPPETO, J.